MICHAEL BROCIA, Appellant and Respondent, *v.* F. ROMEO & CO., INC., Respondent and Appellant.

Contract — sale — trial — pleading — action for breach of contract of sale and to recover back deposit — modification of contract by subsequent agreement must be pleaded — evidence of second contract not admissible in action founded exclusively on first.

1. A party may not be allowed to introduce and rely upon evidence of a contract different than the one set out in his complaint. Where a contract is modified by a subsequent agreement as to a material matter, the modification must be pleaded.

2. Defendant made a contract with plaintiff's assignor which by reference to other underlying contracts made with the original grape growers

amounted to an agreement for delivery of certain crops of grapes. This contract was abandoned and in its place, as claimed by plaintiff, there was substituted a contract made by another party to deliver a certain lot of grapes which were to be raised by another grower, and defendant adopted this modification, whereby he became obligated to deliver an entirely different lot of grapes than that originally provided for. No grapes being delivered under the latter contract this action was brought founded entirely and exclusively on the contract originally made by defendant and defendant's contention is that a complaint thus limited to the first contract did not permit evidence of the second contract, which contention is held to be correct.

3. No different principle governs plaintiff's right to recover a deposit made by his assignor as security for his performance of the contract than is applicable to his claim for general damages by reason of breach of contract. It was as necessary to plead the modification of the contract in order to show a default which would enable plaintiff to recover back the deposit as it was to plead it in order to prove a cause of action for damages for breach of the contract.

*Brocia* v. *Romeo & Co.*, 210 App. Div. 843, modified.

(Argued April 9, 1925; decided May 5, 1925.)

CROSS-APPEALS, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 5, 1924, unanimously affirming a judgment entered upon a dismissal by the court at a Trial Term of the first cause of action alleged in the complaint and a direction for a verdict in favor of plaintiff upon the second cause of action alleged therein.

*Gerald B. Rosenheim* for plaintiff, appellant and respondent. Plaintiff's acceptance of the Dickinson contract in place of the contracts originally given him as collateral security did not discharge or release defendant from liability to him for the damages that he suffered through failure to receive the grapes. (*State Bank* v. *Smith*, 155 N. Y. 185; *Thomas* v. *Zahka*, 181 App. Div. 173; *Dougherty* v. *Houlden, Weir & Boyd*, 182 App. Div. 609; *Kingsbury* v. *Westfall*, 61 N. Y. 356; *Mayor, etc., of the City of New York* v. *N. Y. Refrigerating Construction*

*Co.,* 8 Misc. Rep. 61, 68; 82 Hun, 553; 146 N. Y. 210; *Stanton* v. *Weatherwax,* 16 Barb. 259; *Wangler* v. *Smith,* 90 N. Y. 38; *Camp* v. *Horn,* 203 N. Y. Supp. 7; *D. D. Nat. Bank* v. *Newgrass,* 161 App. Div. 769; *Eichhold* v. *Tiffany,* 20 Misc. Rep. 681; 21 Misc. Rep. 627; *Alger* v. *Alger,* 83 App. Div. 168; *B. C. Mfg. Co.* v. *Cohen,* 236 N. Y. 364.) The direction of a verdict upon the second cause of action is not inconsistent with the dismissal of the first. (*Colrick* v. *Swinburne,* 165 N. Y. 503; *Whiting* v. *Derr,* 121 App. Div. 239; *Drake* v. *White Sewing Machine Co.,* 133 App. Div. 446; *Feinsot* v. *Burstein,* 161 App. Div. 651; 213 N. Y. 703; *Cohen* v. *Champagne,* 183 N. Y. Supp. 76; *Dakin* v. *Tittman,* 188 N. Y. Supp. 917; *Economu* v. *Schwartz,* 198 App. Div. 723; *Addington* v. *Forsythe M. G. Co.,* 234 N. Y. 93.)

*James A. Beha* for defendant, respondent and appellant. Plaintiff's complaint in the second cause of action should be dismissed, because the complaint, although divided into two causes of action, actually sets forth only one cause of action flowing from an alleged breach of a contract, and after hearing plaintiff's evidence the court found defendant not liable for said alleged breach and dismissed the first cause of action. (*Imperator Co.* v. *Tull,* 228 N. Y. 447.) Plaintiff suing for damages for the non-delivery of specific grapes under a written contract should be confined to his allegations, and when the evidence failed to prove them, his entire complaint should have been dismissed. (*Walrath* v. *H. F. Ins. Co.,* 216 N. Y. 220; *Lamphere* v. *Lang,* 213 N. Y. 585.) Plaintiff sues in his second cause of action for damages, and he should not recover on the theory of "money had and received," without amending his complaint and without introducing any of the proof demanded of those suing for "money had and received." (*Jackson* v. *Strong,* 222 N. Y. 149; *Lamphere* v. *Lang,* 213 N. Y. 585.) Plaintiff is not entitled to a verdict on the theory of money had

and received without proof demanded under it, even though section 434 of the Civil Practice Act should be interpreted as giving the trial court the right to disregard the theory of damages for an alleged breach of the contract on which his complaint was based. (*Kelly A. B. Co.* v. *Brooklyn A. A. Co.*, 190 App. Div. 750.)

HISCOCK, Ch. J.    Plaintiff's assignor made a contract in California with defendant for the purchase from the latter of a quantity of grapes.   On the ground that these grapes were not delivered, plaintiff brought this action in which were alleged, *first*, a cause of action to recover damages for breach of contract and, *second*, a cause of action to recover a sum of money deposited by his assignor as security for his performance of the contract.   At the Trial Term a verdict was directed dismissing the first cause of action and in favor of plaintiff on the second cause of action and the judgment entered upon said verdict having being affirmed each party appeals from so much of the judgment as is adverse to him or it.   In our opinion the decisive question on the appeal will be the one whether plaintiff on the trial was allowed to introduce and rely upon evidence of a contract different than the one set out in his complaint.   This question requires an interpretation of the contract made by defendant with plaintiff's assignor and of certain acts performed at and subsequent to the time of its execution and this construction will be aided by a consideration of certain facts lying back of the contract and really leading up to it.

Each of two persons, being other than the present parties, made a contract for the sale to third persons of his " entire first crop of grapes " estimated in one case to be about 65 tons and in the other case about 275 tons.   These contracts are known in the case as the Formica and Mayhood contracts.   Outside of the parties and the quantities of grapes covered they were identical in their provisions and each contained a provision that " in case of loss thereof

(thereby meaning loss of said crop) before delivery this contract shall be terminated and said deposit refunded." Either directly or through the medium of intermediate contracts one Simonelli became the purchaser of the grapes covered by each of said contracts and the original contracts were indorsed and delivered to him. Thereafter he made a contract for the sale of said grapes to defendant and which in turn made the contract for the sale thereof to plaintiff's assignor, which is the sole basis of this action. These latter contracts with appropriate changes of names of parties and of prices to be paid are identical in their provisions. They are more or less crude and some of the provisions seem to be contradictory of each other. But nevertheless their meaning for the purposes of this discussion seems to be reasonably clear. Taking the contract between defendant and plaintiff's assignor we find a provision requiring the defendant to do certain things " according to contracts given unto them by  *  *  *  Mayhood  *  *  *  also contract with P. Formica and both contracts having been duly endorsed in favor of the sellers by the original shippers and all provisions thereto (intended for therein) inserted are to be considered as a part of this agreement." And following this reference to the Mayhood and Formica contracts it is provided: " The buyers do not assume any risk for any damage of *said crop* until the same shall have been delivered unto the cars  *  *  *  and in case of loss thereof before delivery this contract shall be terminated and said deposit refunded." At the same time with the execution of this contract by defendant the original Mayhood and Formica contracts were indorsed, if that had not already been done, and were delivered to plaintiff's assignor just as they had been delivered to defendant on the execution of the contract between it and Simonelli.

Pausing there, we think that the effect of this contract and transaction was that defendant made a contract to sell to plaintiff's assignor a quantity of grapes which

were all or part of crops of the grapes covered and agreed to be sold by the original Mayhood and Formica contracts and that the buyer became in effect an equitable assignee of these underlying contracts which to a certain extent assured the performance of the contract made by defendant to sell and deliver to him the grapes covered by said original contracts. These original contracts thus assigned were also a protection to defendant because if Simonelli failed to fulfill his contract, defendant or its assignee could resort to the original contracts of sale which had been passed along in the manner described. This was the contract pleaded by plaintiff and under which alone he is entitled to recover.

After all this had transpired trouble arose in respect of the contract. It turned out that Simonelli was a scamp and a third party came forward with a claim that he had sold to him the same grapes which he sold to defendant. As a result of this condition plaintiff claims that his assignor acting with the consent and approval of defendant returned and surrendered to Simonelli the Mayhood and Formica contracts thereby releasing him from the delivery of the grapes covered by those contracts and by the contract made by defendant, and in place thereof took directly from Simonelli a contract to deliver a lot of grapes equal in quantity to those covered by defendant's contract, but to some extent of a different variety. This contract of Simonelli's was based on a contract with a new grape grower under which said grower agreed to sell to Simonelli his crop of grapes for the year in question and which contract Simonelli assigned to plaintiff's assignor as " collateral security " for the performance of the original contract made by Simonelli with defendant and also of the contract then made by Simonelli with plaintiff's assignor.

Thus on the plaintiff's theory, defendant's contract to deliver a certain lot of grapes, being the crop of specified individuals, was modified by making it in effect respon-

sible for the performance of a contract made by Simonelli directly with plaintiff's assignor to deliver an entirely different lot of grapes grown by another party. No grapes being delivered under the latter contract this action was brought and founded entirely and exclusively on the contract originally made by defendant and defendant's contention, supported by appropriate objections and exceptions, is that a complaint thus limited to the first contract did not permit evidence of the second contract and we agree with this contention.

Plaintiff's theory is that the original Mayhood and Formica contracts and the contract made by Simonelli directly with his assignor are collateral security, as it is expressed, for the performance of defendant's contract and that with the consent of the defendant there was a mere exchange of securities which did not alter or change the original contract itself and which, therefore, could be pleaded as the basis for recovery. In a certain sense these underlying contracts were security for the performance of defendant's contract for they were an undertaking by a third party to produce certain grapes out of which defendant's contract with plaintiff could be fulfilled, but in our opinion there was a good deal more than a substitution of securities. Defendant made a direct personal contract with plaintiff's assignor which by reference to and inclusion of the contracts made by the original grape growers amounted to a contract for delivery of a certain crop of grapes. In making the contract it very well may have relied on the character and responsibility of the original grape grower who was to produce the grapes. This contract to deliver these grapes was abandoned and in its place, on the view adopted by plaintiff, there was substituted a contract made by Simonelli to deliver a certain lot of grapes which were to be raised by another grower and defendant adopted this modification whereby it became obligated to deliver an entirely different lot of grapes than that originally provided for. Having

agreed to deliver one article to plaintiff it is sought to charge it with responsibility for not delivering an entirely different article under a complaint founded on the original contract. We do not think that this can be done. We do not believe that a person who has agreed to sell and convey one house may be charged under a complaint based upon that contract because he did not transfer another house and lot which he had become obligated to transfer and convey under a modification of the original contract. And in like manner we do not think that this defendant can be held in damages for failure to deliver the grapes covered by the contract between Simonelli and plaintiff's assignor under a complaint which charges him with breach of a contract to deliver an entirely different lot of grapes. We think there is a modified contract which must be pleaded and not a mere change of security as plaintiff would have us think.

It is urged that some different principle may govern plaintiff's right to recover the deposit of $2,000 made by his assignor as security for his performance of the contract than is applicable to his claim for general damages by reason of breach of contract. This deposit was made by plaintiff's assignor, to secure performance by him of his side of the contract. Of course, if the defendant has made default he is entitled to have his deposit returned just as he is entitled to recover damages for breach of the contract. But the question is just as pertinent in one case as in the other whether the plaintiff was authorized to attempt to prove a default under the complaint which he had served. If the parties by incorporation into their contract adopted as part of it the Formica and Mayhood contracts and thereby as well as by their other acts made defendant's contract one to deliver all or part of a certain lot of grapes and if afterwards by the act of plaintiff's assignor (with the consent, as claimed, of defendant) performance of this contract was prevented by surrender of the underlying

1925.]                 Statement of case.            [240 N. Y. 241]

contracts to Simonelli and in place thereof there was substituted a contract to deliver an entirely different lot of grapes on which default was made, I think it was just as necessary to plead this modification of the contract in order to show a default which would entitle plaintiff to recover back the deposit as it was to plead it in order to prove a cause of action for damages for breach of the contract.

In accordance with these views we think that the judgment dismissing plaintiff's first cause of action must be affirmed, with costs, and the judgment in favor of plaintiff on the second cause of action must be reversed and a new trial granted, with costs to abide event.

McLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO and LEHMAN, JJ., dissent; POUND, J., absent.

Judgment accordingly.